IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MELISSA CARMONA VALENZUELA,<br><br>　　　　　　Defendants. | 4:19CR3048<br><br>**FINDINGS AND RECOMMENDATION** |
|---|---|

Defendant Valenzuela has moved to dismiss Counts II and III of the Indictment, (Filing No. 73), and Counts V and VI of the Indictment, (Filing No. 75). For the reasons stated below, Defendant's motions to dismiss should be denied.

Motion to Dismiss
(Filing No. 73)

Counts II and III of the initial indictment allege Defendant committed wire fraud in violation of 18 U.S.C. § 1343 as follows:

8.　On or about the dates set below, in the District of Nebraska, defendant MELISSA CARMONA VALENZUELA, having devised and intending to devise a scheme and artifice to defraud, and to obtain property by means of materially false and fraudulent pretenses, representations, promises, and omissions described above, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce the direct deposits described below, each transmission constituting a separate count:

| Count | Date | Description of Wire |
|---|---|---|
| II | February 27, 2019 | Electronic Message through the Whatsapp telephone application from phone number (201)736-9713 to Defendant MELISSA |

|  |  | CARMONA VALENZUELA'S phone number. Said electronic message containing the PII for L.A. |
|---|---|---|
| III | February 27, 2019 | Electronic Message through the Whatsapp telephone application from phone number (201)736-9713 to Defendant MELISSA CARMONA VALENZUELA'S phone number. Said electronic message containing the PII for R.A. |

([Filing No. 44, at CM/ECF pp. 2-3](#)). Defendant argues these counts must be dismissed because they are "devoid of any description or mention of any 'direct deposits,'" and are therefore "uncertain and ambiguous." ([Filing No. 74, at CM/ECF p. 2](#)).

A superseding indictment has now been filed which corrects the initial indictment, with the reference to "direct deposits" eliminated and replaced by a reference to "electronic communications." ([Filing No. 80, at CM/ECF p. 2](#)). The superseding indictment now alleges Defendant "did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce the electronic communications described" in Counts II and III. ([Filing No. 80, at CM/ECF p. 2](#)). The allegations of Counts II and III describe electronic communications. ([Filing No. 80, at CM/ECF p. 2-3](#)). Even assuming the counts II and III of the initial indictment were ambiguous, the superseding indictment has fixed that ambiguity. Defendant's motion to dismiss counts II and III, ([Filing No. 73](#)), was therefore rendered moot by the filing of the superseding indictment and it should be denied.

2

Motion to Dismiss
(Filing No. 75)

Defendant moves to dismiss Counts V and VI, arguing these counts "are an attempt to impose multiple punishments for the same offense, which is charged in Count IV, in violation of the Double Jeopardy Clause of the Fifth Amendment." (Filing No. 75). Citing Blockburger v. United States, 284 U.S. 299, 304 (1932), Defendant argues Counts V and VI represent an impermissible attempt by the government to divide the single crime alleged in Count IV into the "series of temporal or spatial units" alleged in Counts V and VI. (Filing No. 76, at CM/ECF p. 2).

Count IV of the superseding indictment alleges:

9.  From on or about February 14, 2019 to February 27, 2019, in the District of Nebraska and elsewhere, the Defendant MELISSA CARMONA VALENZUELA, knowingly and with intent to defraud, used, a counterfeit access device, as defined in 18 U.S.C. § 1029(e)(2), to wit: a fake Citi Visa debit card number XXXXXXXXXX3237, said use affecting interstate commerce.
    In violation of 18 U.S.C. § 1029(a)(l).

Count V alleges:

10. From on or about February 14, 2019 to February 27, 2019, in the District of Nebraska and elsewhere, the Defendant MELISSA CARMONA VALENZUELA, knowingly and with intent to defraud, used an unauthorized access device as defined in 18 U.S.C. § 1029(e)(3), specifically, a Verizon Account under the name of L.A., and by such conduct, obtained things of value aggregating $1,000 or more, said use affecting interstate commerce.
    In violation of Title 18, United States Code, Section 1029(a)(2).

Count VI alleges:

11. From on or about February 14, 2019 to February 27, 2019, in the District of Nebraska and elsewhere, the Defendant MELISSA

> CARMONA VALENZUELA, knowingly and with intent to defraud, used an unauthorized access device as defined in 18 U.S.C. § 1029(e)(3), specifically, a Verizon Account under the name of R.A., and by such conduct, obtained things of value aggregating $1,000 or more, said use affecting interstate commerce.
> In violation of Title 18, United States Code, Section 1029(a)(2).

(Filing No. 80, at CM/ECF p. 3-4).

For the purposes of prosecution under 18 U.S.C. § 1029, the definition of an "access device" includes an actual credit card, or any other means (e.g., the credit card number or accessing the PIN (personal identification number) electronic serial number, mobile identification number, etc.) to obtain money, goods, services, or anything of value. 18 U.S.C.A. § 1029(e)(1). Here, counts IV, V, and VI each allege Defendant used an access device in violation of 18 U.S.C. § 1029, but Count IV alleges Defendant violated §1029(a)(1), while Counts V and VI allege Defendant violated §1029(a)(2).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

Blockburger v. United States, 284 U.S. 299, 304 (1932).

18 U.S.C. § 1029(a)(1) criminalizes the use of counterfeit access devices; 18 U.S.C. § 1029(a)(2) criminalizes the use of unauthorized access devices where during a 1-year period "anything of value" aggregating $1,000 or more is obtained. See e.g., United States v. Farkas, 935 F.2d 962, 966 (8th Cir. 1991).

4

Therefore, to prove a charge under §1029(a)(1), the government must demonstrate that the access device used by the defendant was counterfeit; to prove a charge under §1029(a)(2), the government must show Defendant's use of an access device was unauthorized.

Using a counterfeit access device is not the same as using an access device without authority to do so. To prevail on Count IV, the government must prove the alleged "fake Citi Visa debit card number XXXXXXXXXX3237" was "counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device." 18 U.S.C.A. § 1029(e)(2). As to Counts V and VI, the government must prove Defendant used Verizon Accounts under the name of L.A. (Count V) and R.A. (Count VI), each account being an "access device that was . . . obtained with intent to defraud." 18 U.S.C.A. § 1029(e)(3). As such, while the time frame of all three Counts is the same, the evidence required to prove the elements of Counts V and VI is not the same as that required for proving the elements of Count IV. See and compare, Model Crim. Jury Instr. 9th Cir. 8.84 Counterfeit Access Devices—Producing, Using, or Trafficking (18 U.S.C. § 1029(a)(1) (2019), with Pattern Crim. Jury Instr. 5th Cir. 2.49A Use of Unauthorized Access Device 18 U.S.C. § 1029(a)(2) (2015).

Simply stated, a charge of using a counterfeit access device is not the same as a charge of unauthorized use of an access device. Counts V and VI should not be dismissed as duplicative of Count IV. Defendant's motion to dismiss, (Filing No. 75), should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that

5

the motions to dismiss filed by Defendant Valenzuela (Filing Nos. 73 and 75) be denied in their entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 30th day of July, 2019.

                                                  BY THE COURT:

                                                  *s/ Cheryl R. Zwart*
                                                  United States Magistrate Judge